1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                        AT TACOMA

10

11    CHARLES CASEY ALLAN THOMPSON,
                                                   Case No.  C04-5809RBL
12                              Petitioner,
                                                   REPORT AND
13              v.                                 RECOMMENDATION TO DENY
                                                   APPLICATION TO PROCEED *IN*
14    DOUG WADDINGTON,                             *FORMA PAUPERIS*

15                              Respondent.        Noted for December 30, 2004.

16

17          This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)

18    and Local MJR 3 and 4.  Petitioner in this case is state inmate, and he has filed an application to proceed *in*

19    *forma pauperis*, (Dkt. # 1).   Subsequent to filing the application, petitoiner paid the $5.00 filing fee.

20    Accordingly, the Court should deny the application.

21                                          DISCUSSION

22          The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a

23    proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in

24    denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963),

25    *cert. denied*, 375 U.S. 845 (1963).

26          Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a

27    prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe, 586

28    F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v.

REPORT AND RECOMMENDATION
Page - 1

1    <u>Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973),

2    *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

3        By requesting the court to proceed *in forma pauperis* in the present case, petitioner is asking the

4    government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed

5    with his petition for habeas corpus. Given the minimal fees required to proceed with this action ($5.00

6    filing fee) and the fact petitioner has paid the fee, it is not unreasonable to deny petitioner's application for

7    *in forma pauperis* status.

8                                    <u>CONCLUSION</u>

9        Because petitioner has already paid the required filing fee, the undersigned recommends that the

10   Court deny his application for *in forma pauperis* status.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)

11   of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to

12   file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

13   objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

14   imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 30, 2004**, as

15   noted in the caption.

16       DATED this 10th  day of December, 2004.

17

18                                    */s/ J. Kelley Arnold*
                                     J. Kelley Arnold
19                                   United States Magistrate Judge

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 2