UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES CASEY ALLAN THOMPSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　　Respondent. | Case No.  C04-5809RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for December 30, 2004. |

　　　　This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner in this case is state inmate, and he has filed an application to proceed *in forma pauperis*, (Dkt. # 1).   Subsequent to filing the application, petitoiner paid the $5.00 filing fee. Accordingly, the Court should deny the application.

<u>DISCUSSION</u>

　　　　The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

　　　　Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v.</u>

REPORT AND RECOMMENDATION
Page - 1

1   Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973),
2   *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

3   By requesting the court to proceed *in forma pauperis* in the present case, petitioner is asking the
4   government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed
5   with his petition for habeas corpus. Given the minimal fees required to proceed with this action ($5.00
6   filing fee) and the fact petitioner has paid the fee, it is not unreasonable to deny petitioner's application for
7   *in forma pauperis* status.

## CONCLUSION

9   Because petitioner has already paid the required filing fee, the undersigned recommends that the
10  Court deny his application for *in forma pauperis* status.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)
11  of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to
12  file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those
13  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit
14  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 30, 2004**, as
15  noted in the caption.

16  DATED this 10th day of December, 2004.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge