UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES CASEY ALLEN THOMPSON,

 Petitioner,

 v.

DOUG WADDINGTON,

 Respondent.

Case No. C04-5809RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
APRIL 29th 2005**

  This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. The respondent has answered the petition. (Dkt. # 17). Petitioner then asked to have "subjoined" information considered and filed a response. (Dkt. # 19 and 21). All pleadings filed have been considered. To the extent that petitioner's pleadings request an evidentiary hearing or ask permission to file other exhibits that are not part of the record the motion is **DENIED.**

  Having reviewed the entire file the court concludes that only one issue in this petition is exhausted. The remaining issues are procedurally barred. The only exhausted issue does not merit

REPORT AND RECOMMENDATION -1

relief and the petition should be **DENIED.**

## FACTS

Petitioner pleaded guilty to second-degree assault and harassment in Clark County Superior Court in 2003. (Dkt. # 17). He was sentenced to 61 months. Petitioner did not file any direct appeal. Petitioner did file a personal restraint petition in March of 2004 and alleged ineffective assistance of counsel. The petition does not clearly set forth the issues and refers to exhibits for a statement of the grounds relied on. (Dkt. # 18 exhibit 2). Petitioner alleged counsel erred in failing to protect his rights prior to trial by failing to properly prepare for trial, failing to obtain a continuance and failing to obtain dismissal based on an alleged speedy trial violation. (Dkt. # 17 page 2, Dkt. # 18 exhibit 2).

The state court of appeals held that the plea of guilty waived petitioners challenges and stands as a bar to the court considering the issues raised. (Dkt. # 18 exhibit 3). Petitioner filed a letter with a large number of exhibits asking for further consideration. This filing was considered as a motion for discretionary review. (Dkt. # 18 exhibit 4). The Washington State Supreme Court Commissioner summarily affirmed the state court of appeals ruling. On October 5th, 2004 the court denied a motion to modify. (Dkt. # 18 exhibit 7).

This petition followed a petitioner raises four issues which the respondent has fairly summarized as follows:

   A. Ground one: DENIAL OF THE PETITIONER TO RECEIVE FAIR TRIAL DUE PROCESS SPEEDY TRIAL RIGHT'S. . .

   B. Ground two: DENIAL OF THE PETITIONER TO RECEIVE FAIR TRIAL DUE PROCESS RIGHT'S. . .

   C. Ground three: DENIAL OF THE PETITIONER TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL. . .

   D. Ground four: DEFECTIVE, VOID, INVALID JUDGMENT. . .

(Dkt. # 4).

## STANDARD OF REVIEW

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

REPORT AND RECOMMENDATION -2

merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Id.

A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A. Exhaustion.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan v. Henry, --- U.S. ---, 115 S.Ct. 887, 888 (1995), *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Review of the issues raised in this petition with the personal restraint petition and motion for review shows that only the first issue regarding an alleged speedy trial violation has been exhausted.

REPORT AND RECOMMENDATION -3

Procedural Bar.

Normally, a federal court faced with an unexhausted or mixed petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Here, however, petitioner is barred from filing in state court as any attempt to file another personal restraint petition will be deemed successive. See, RCW 10.73.090.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice." or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply failed to raise the issues he is trying to raise now at the state level.

Accordingly, issues two through four are procedurally barred and should be **DISMISSED.**

On the merits.

Petitioners speedy trial claim was dismissed by the state court of appeal because the plea of guilty waived any such claim when he plead guilty. (Dkt. # 18 exhibit 2). A criminal defendant who pleads guilty cannot raise independent claims which occurred prior to entry of the guilty plea. Tollet v. Henderson, 411 U.S. 258 (1973). Further, the plea agreement signed by plaintiff informed him he was waiving that issue. (Dkt. # 18 exhibit 11). The state courts did not error in dismissing that claim. Accordingly, this petition should be **DISMISSED.**

## CONCLUSION

Three of the four claims in the petition are unexhausted but procedurally barred. The remaining claim is without merit and was waived by petitioner's plea of guilty. This petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.

REPORT AND RECOMMENDATION -4

R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 29th, 2005**, as noted in the caption.

Dated this 28th day of March, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION -5